UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MACK MANDRELL LOYDE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:14-2311 |
| | ) | Judge Haynes/Brown |
| ANITA JENKINS, | ) | |
| Defendant. | ) | |

To: The Honorable Senior Judge William J. Haynes, Jr., United States District Judge.

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's motion for injunctive relief filed on February 9, 2015 (Doc. 9). For the reasons explained below, the Magistrate Judge **RECOMMENDS** that Plaintiff's motion (Doc. 9) be **DENIED**.

### I. INTRODUCTION AND BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner of the state of Tennessee and is confined at Metro-Davidson County Detention Facility. (Doc. 1) He filed his complaint on December 1, 2014. (Doc. 1)

This action was referred to the Magistrate Judge on January 12, 2015 "for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court." (Doc. 4)

Plaintiff filed the instant motion for injunctive relief on February 9, 2015 seeking to end any type of contact or communication between Plaintiff and Defendant. Plaintiff alleges that Defendant has engaged in retaliatory acts, including: 1) enlisting other inmates and Corrections

Corporation of America (CCA) employees to encourage Plaintiff to drop complaints; 2) orchestrating "bogus" cell searches; and 3) filing false disciplinary reports, which resulted in Plaintiff being restricted from telephone usage. (Doc. 9) Plaintiff asserts that the alleged actions have been made in response to Plaintiff filing grievances and this pending lawsuit.

Defendant filed a response in opposition to Plaintiff's motion on March 13, 2015. (Doc 21) During a teleconference on March 23, 2015, Plaintiff advised the Court that he had filed a reply. (Doc. 27) The Court reasons that Plaintiff's Declaration received on March 24, 2015 is the reply to which Plaintiff referred. (Doc. 26)

## II. STANDARD OF REVIEW

In deciding a motion for a preliminary injunction, the district court considers: 1) whether the movant has a strong likelihood of success on the merits; 2) whether the movant would suffer irreparable injury without the injunction; 3) whether issuance of the injunction would cause substantial harm to others; and 4) whether the public interest would be served by issuance of the injunction. *City of Pontiac Retired Employees Ass'n v. Schimmel*, 751 F.3d 427, 420 (6th Cir. 2014)(internal citations and quotation marks omitted).

While none of the four factors enumerated above generally has controlling weight, injunctive relief may not issue where there is no likelihood of success on the merits. *See Farnsworth v. Nationstar Mortg., LLC*, 569 Fed.Appx. 421, 426 (6th Cir. 2014)(internal citation omitted). In order to establish a likelihood of success on the merits, a plaintiff must show more than a mere possibility of success in his substantive claims. *Becton v. Thomas*, 48 F.Supp.2d 747, 753-54 (W.D. Tenn. 1999)(citing *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 402 (6th Cir. 1997)). The varying language applied to the likelihood of success factor can best be reconciled by recognizing that the four considerations applicable to preliminary

2

injunction decisions are factors to be balanced, not prerequisites that must be met. Accordingly, the degree of likelihood of success required may depend on the strength of the other factors. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).

The party seeking injunctive relief bears the burden of justifying such relief. *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588 (6th Cir. 2014)(internal citations and quotation marks omitted). The proof required for injunctive relief is more stringent than the proof required to survive summary judgment. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012)(internal citation and quotation marks omitted).

### III. ANALYSIS

#### A. First Amendment Retaliation Claims

Although Plaintiff did not explicitly state in his motion for injunctive relief that he was filing a First Amendment retaliation claim, the Magistrate Judge can infer that Plaintiff asserts such a claim. Courts are instructed to give indulgent treatment to the "inartfully pleaded" allegations of *pro se* prison litigants. *Pasley v. Conerly,* 345 Fed.Appx. 981, 986 (6th Cir.2009)(quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

To state a claim for relief on a First Amendment retaliation claim, Plaintiff must show that: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) there is a causal connection between elements one and two, *i.e.*, the adverse action alleged was motivated at least in part by the plaintiff's protected conduct. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010)(internal citations and quotation marks omitted).

As explained below, although Plaintiff is able to satisfy the first two elements of a First Amendment retaliation claim, he is unable to satisfy the third element. Therefore, Plaintiff cannot

3

make a *prima facie* showing of retaliation. Since he cannot make a *prima facie* showing of retaliation, he cannot succeed on the merits of the grounds alleged. Since he cannot succeed on the grounds alleged, Plaintiff's motion for injunctive relief on these grounds should be denied.

### 1. Protected Conduct

The first element that Plaintiff must establish for his retaliation claim is that he was engaged in conduct protected by the First Amendment. *Hill*, 630 Fthas.3d at 472. Such protected conduct includes both a prisoner's right to access the courts, which includes civil rights claims, as well as a prisoner's "undisputed First Amendment right to file grievances against prison officials on his own behalf." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999); *Hill*, 630 F.3d at 472 (quoting *Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir. 2000)). If the grievances are frivolous, however, this right is not protected. *Hill*, 630 F.3d at 472.

Plaintiff claims that Defendant retaliated against him for filing a civil rights claim and for filing grievances. (Doc. 32, p. 2) Filing both civil rights claims and grievances constitute protected conduct under the First Amendment. Whether the grievances are frivolous cannot presently be determined because there are no details before the Court about those grievances.

### 2. Adverse Action

The second element that Plaintiff must establish for his retaliation claim is that the Defendant took an adverse action against him. "[A]n adverse action is one that would deter a person of ordinary firmness from the exercise of the right at stake." *Thaddeus-X*, 175 F.3d at 396. "The threshold is intended to weed out only inconsequential actions." *Thaddeus-X*, 175 F.3d at 398. Whether a retaliatory action is sufficiently severe to deter a person of ordinary firmness from exercising his or her rights is a question of fact. *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002).

4

Plaintiff alleges three adverse actions in his motion for injunctive relief. (Doc. 9) All three of Plaintiff's allegations satisfy the adverse-action element of a First Amendment retaliation claim.

First, the Plaintiff alleges that Defendant has encouraged other inmates and CCA employees to attack Plaintiff. The Sixth Circuit has found that harassment would likely have a strong deterrent effect. *Thaddeus-X*, 175 F.3d at 398. Therefore, enlisting inmates and correctional officers to harrass the Plaintiff is an adverse action since a person of ordinary firmness would be deterred from exercising his or her rights.

Next, Plaintiff claims that Defendant conducted a retaliatory cell search and seized legal documents. A retaliatory cell search and seizure of an inmate's legal documents are adverse actions. *Bell*, 308 F.3d at 604-05.

Finally, Plaintiffs claims that Defendant filed false disciplinary reports, which has resulted in telephone usage restrictions. Charging an inmate with misconduct is an adverse action because serious consequences can flow from erroneous charges. *King v. Zamiara*, 150 Fed.Appx. 485, 493 (6th Cir. 2005). Therefore, filing false disciplinary reports is an adverse action.

### 3. *Motivation for Adverse Action*

The third element that Plaintiff must establish is that the adverse action was motivated at least in part by the prisoner's protected conduct. This element addresses whether defendant's subjective motivation for taking the adverse action was at least in part to retaliate against the prisoner for engaging in protected conduct. *Thaddeus-X*, 175 F.3d at 399. If the prisoner can show that the defendant's adverse action was at least partially motivated by the prisoner's protected conduct, then the burden shifts to the defendant to show that she would have taken the

same action even absent such protected conduct. *Thaddeus-X*, 175 F.3d at 399.

First, Plaintiff alleges in a letter to the Court that Defendant has enlisted other inmates and CCA employees to encourage Plaintiff to drop his complaint. Plaintiff writes that Defendant told other inmates that Plaintiff is a "snitch" and a "federal agent" who needed to be watched and dealt with. (Doc. 24, p. 3; Doc. 31) However, Plaintiff does not say how Defendant's alleged statements led to intimidation or further harassment. Further, Defendant denies Plaintiff's allegation in her affidavit. She states that she has not enlisted the aid of CCA employees and inmates in an attempt to dismiss Defendant's complaints against her. (Doc. 22, ¶ 24)

Second, Plaintiff alleges that Defendant orchestrated "bogus" cell searches in order to take his legal documents. Plaintiff claims in a letter that Defendant entered his cell "under the disguise of a random cell search" and took legal documents, which Defendant allegedly stated were taken "for the safety and security of this institution." (Doc. 32) Even assuming that Plaintiff has shown that Defendant conducted cell searches at least in part to retaliate against Plaintiff, Defendant is able to show that she would have taken the same action even absent Plaintiff's filing of grievances and this lawsuit. Defendant has provided CCA Policies relevant to cell search procedures, which state that "[s]earches of cells and holding areas may be performed unannounced, on an irregular basis and in an orderly manner." (Doc. 22, Ex. A, p. 3) Defendant would conduct searches of Plaintiff's cell as a condition of her employment regardless of whether Plaintiff filed a grievance or lawsuit against her.

Third, Plaintiff alleges that Defendant filed false disciplinary reports, which has resulted in telephone usage restrictions. Plaintiff references these reports often, but never indicates the falsities contained within them. Thus, Plaintiff is unable to show that Defendant's filing of false disciplinary reports was done at least in part to retaliate against him.

Plaintiff is unable to show that Defendant's adverse actions were motivated at least in part by his protected conduct. Therefore, Plaintiff is unable to satisfy the third element necessary to establish a First Amendment retaliation claim. Thus, Plaintiff has no likelihood of success on the merits.

### B. Injunctive Relief

Even if Plaintiff was able to show some likelihood of success on the merits, the likelihood is not strong enough to outweigh the other three factors that are balanced when granting a motion for injunctive relief. The three remaining factors weigh in the Defendant's favor.

Plaintiff has failed to show irreparable injury of a nature that is "actual and imminent" rather than "speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). Plaintiff asserts that he is currently in extreme fear for his life, and that he is afraid to leave his cell and accept food trays. (Doc. 9) However, Plaintiff does not allege that any irreparable injury of an actual or imminent nature will occur if the injunction is not granted.

Further, even liberally construing Plaintiff's motion, Plaintiff is silent as to whether the issuance of the injunction would cause substantial harm, and whether public interest would be served by issuance of the injunction.

### IV. RECOMMENDATION

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that the plaintiff's motion for injunctive relief (Doc. 9) be **DENIED**.

Under FED. R. CIV. P. 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the

findings and recommendation proposed herein.  A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

   **ENTERED** this the 10th day of June, 2015.

                /s/Joe B. Brown
                Joe B. Brown
                United States Magistrate Judge