UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MACK MANDRELL LOYDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:14-cv-2311 |
| v. ) | Senior Judge Haynes |
| ) | Magistrate Judge Brown |
| ANITA JENKINS, ) | **Jury Demand** |
| ) | |
| Defendant. ) | |

To: The Honorable William J. Haynes, Jr., Senior United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court is the Defendant's Motion for Summary Judgment. (Docket Entry 137). For the following reasons, the Magistrate Judge **RECOMMENDS** that (1) the Motion for Summary Judgment be **GRANTED**; (2) the Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**; (3) all other pending motions be **TERMINATED AS MOOT**; (4) acceptance and adoption of this Report and Recommendation constitute **FINAL JUDGMENT** in this action; and (5) any appeal **NOT BE CERTIFIED** as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

### I. Background

Proceeding *pro se* and *in forma pauperis*, the Plaintiff filed this lawsuit against Anita Jenkins, a correctional counselor, under 42 U.S.C. § 1983 in both an official and an individual capacity. (Docket Entries 1 and 4). At the time the lawsuit was filed, the Plaintiff was an inmate at the Metro-Davidson County Detention Facility, operated by Corrections Corporation of America ("CCA"). (Docket Entry 1, p. 5) (Docket Entry 155 ¶ 1).

The Plaintiff alleges that on November 25, 2014, the Defendant demanded to read the Plaintiff's medical paperwork and legal documents before permitting him to bring the documents with him to a medical appointment. (Docket Entry 1, p. 5).[1] The Plaintiff states that he permitted the Defendant to look at his documents but would not let the Defendant read the documents, stating that this violated his right to confidentiality. (Docket Entry 1, p. 6). When denied the chance to review the Plaintiff's documents, the Defendant allegedly told the Plaintiff, "You refused medical treatment so, have a nice day and put that in your lawsuit." (Docket Entry 1, p. 6). The Plaintiff further alleges that he requested to speak with a supervisor regarding his encounter with the Defendant and had informed the pod officer, who had witnessed the encounter with the Defendant, that the Plaintiff was experiencing chest pain and needed to see the nurse. (Docket Entry 1, p. 6). The Plaintiff alleges that the Defendant instructed the correctional officers to ignore the Plaintiff. (Docket Entry 1, p. 6). According to the Plaintiff, the Warden, Assistant Warden, Chief of Security, Chief of Unit Management, unit team, and unit management team in segregation followed the Defendant's rules and retaliated against him for filing a civil rights complaint against other employees at the Detention Facility. (Docket Entry 1, p. 7). The Plaintiff alleges that the Defendant's actions and behavior towards him and the abuse of authority directed at him has worsened his physical and mental health. (Docket Entry 1, p. 7). The Plaintiff alleges that the Defendant knew that the Plaintiff "was extremely sick, vomiting and that [the Plaintiff] depended" on seeing a doctor but disregarded the health risk. (Docket Entry 1, p. 8).

Upon initial review, the District Court Judge found that the "Plaintiff states colorable claims under the First Amendment to be free from retaliation and under the Eighth Amendment

---

[1] As is discussed later, the Plaintiff's Complaint is dated November 25, 2014. (Docket Entry 1, p. 8). The Complaint is postmarked November 26, 2014, and was received by the Clerk's Office on December 1, 2014. (Docket Entry 1, p. 9).

for deliberate indifference to Plaintiff's alleged medication condition." (Docket Entry 4, p. 2-3). The case was then referred to the Magistrate Judge to recommend disposition of pretrial motions. (Docket Entry 4, p. 3).

Pending now are the Plaintiff's Motion to Compel Discovery (Docket Entry 163) and Motion/Request to Instruct the Defendant Anita Jenkins and Opposing Counsel to Provide for the Plaintiff Mack Mandrell Loyde with the Requested Specific, Agreed Upon Medical Documents (Docket Entry 171).

Also pending is the Defendant's Motion for Summary Judgment. (Docket Entry 137). The Motion for Summary Judgment has been more than fully briefed. The Plaintiff responded on December 7, 2015. (Docket Entry 154). The Defendant replied on December 21, 2015. (Docket Entry 161). Without leave of the Court, the Plaintiff filed a sur-reply on January 7, 2016. (Docket Entry 169). The Defendant's Motion for Summary Judgment is ripe for a decision.

## II.     Legal Conclusions

**A.  Summary Judgment Standard of Review**

Summary judgment is warranted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Yates v. Ortho-McNeil-Janssen Pharm., Inc.*, 808 F.3d 281, 290 (6th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). In making this assessment, the court "must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "[T]he mere existence of *some* alleged factual dispute between the parties

will not defeat an otherwise properly supported motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Anderson*, 477 U.S. at 247-48). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

Generally, a motion for summary judgment should not be ruled on before the parties have had adequate time for discovery. *Siggers v. Campbell*, 652 F.3d 681, 696 (6th Cir. 2011); *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008). Rule 56 gives district courts discretion to delay ruling on a motion for summary judgment while the non-movant obtains discovery. Fed. R. Civ. P. 56(d). The party seeking a delay must, however, establish by declaration or affidavit that it needs discovery to "present facts essential to justify its opposition" to the motion for summary judgment. *Id.* When the Sixth Circuit reviews a denial of a Rule 56(d) request for additional discovery to oppose a motion for summary judgment, the following factors are considered:

> (1) when the appellant learned of the issue that is the subject of the desired discovery; ***(2) whether the desired discovery would have changed the ruling below***; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests.

*Siggers*, 652 F.3d at 696 (quoting *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995)) (emphasis added). Even when presented with a Rule 56(d) request for delay, summary judgment may nevertheless be granted where "further discovery would not have changed the legal and factual deficiencies" with a party's claims. *CenTra, Inc.*, 538 F.3d at 420 (quoting *Maki v. Laakko*, 88 F.3d 361, 367 (6th Cir. 1996)); *see also Ball v. Union Carbide Corp.*, 385 F.3d 713, 721 (6th Cir. 2004) (finding it was not an abuse of discretion to deny a

request for discovery before ruling on a motion for summary judgment because the discovery sought was not relevant to the issue resolved by summary judgment).

**B. Exhaustion Under the Prison Litigation Reform Act**

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust the prison's administrative remedies prior to filing a lawsuit under 42 U.S.C. § 1983 complaining about any aspect of prison life. 42 U.S.C. § 1997e(a). "Unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "The point of the PLRA exhaustion requirement is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)).

To properly exhaust administrative remedies, the prisoner must complete the particular prison's grievance process. *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015) (citing *Jones*, 549 U.S. at 218). "This court requires an inmate to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether those 'efforts to exhaust were sufficient under the circumstances.'" *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (quoting *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 223-24 (6th Cir. 2011)). "[E]ven if the prisoner subjectively believes [that a] remedy is not available," through the prison's grievance process, exhaustion is still mandatory. *Napier*, 636 F.3d at 222 (citations omitted).

As non-exhaustion is an affirmative defense, the defendant bears the burden of proof. *Lee*, 789 F.3d at 677 (citing *Jones*, 549 U.S. at 216). A defendant moving for summary judgment for failure to exhaust must "establish the absence of a 'genuine dispute as to any material fact'

5

regarding non-exhaustion." *Peterson v. Cooper*, 463 F. App'x 528, 529-30 (6th Cir. 2012) (quoting *Risher*, 639 F.3d at 240 and Fed. R. Civ. P. 56(a)); *see also Lee*, 789 F.3d at 680.

### III. Analysis

#### A. Failure to Exhaust

In addition to seeking summary judgment on the merits of the Plaintiff's First Amendment and Eighth Amendment claims, the Defendant also seeks dismissal of these claims for non-exhaustion. (Docket Entry 137). Without remarking on the merits of the constitutional claims, the Magistrate Judge finds that the Defendant has met its burden of establishing non-exhaustion.

The applicable grievance procedures consist of three steps, with the exception of emergency grievances. (Docket Entry 142-1). First, inmates must utilize an informal resolution process. (Docket Entry 142-1, p. 5 of 12). To initiate the informal resolution process, the inmate must submit a 14-5A Informal Resolution form within seven days of the grievable incident. (Docket Entry 142 ¶ 4) (Docket Entry 142-1, p. 5 of 12). If the inmate is not satisfied with the response to his or her informal resolution, within five days of the response the inmate must file a 14-5B Inmate/Resident Grievance form. (Docket Entry 142-1, p. 7 of 12). If the inmate is not satisfied with the response to his or her formal grievance, the inmate may appeal the response to the Warden within five days. (Docket Entry 142-1, p. 9 of 12). The Warden's decision is final. (Docket Entry 142-1, p. 9 of 12). At each level of the grievance process, CCA is required to respond within fifteen days. (Docket Entry 142 ¶ 4).

Even though the evidence is construed in the light most favorable to the Plaintiff, the Defendant has nevertheless established that the Plaintiff did not properly exhaust before filing his Complaint. The following timeline demonstrates this:

- The incident complained of in this lawsuit occurred on **November 25, 2014**. (Docket Entry 1, p. 5). This fact is not disputed.

- The Plaintiff filed an informal resolution regarding this incident on **November 25, 2014**. (Docket Entry 142-2) (Docket Entry 154, p. 7-8). The informal resolution was received by Metro-Davidson County Detention Facility staff on **November 26, 2014**. (Docket Entry 142-2). The Plaintiff states that he did not receive a response or remedy to this informal resolution before filing the Complaint. (Docket Entry 155 ¶ 3) (Docket Entry 156 ¶ 25).

- The Complaint is dated **November 25, 2014**. (Docket Entry 1, p. 8). Under the prison mailbox rule, the Complaint is deemed filed on **November 25, 2014** absent evidence to the contrary. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

- The envelope accompanying the Complaint is postmarked **November 26, 2014**. (Docket Entry 1, p. 9).

- The Plaintiff stated that he filed a second informal resolution about the November 25, 2014 incident on **November 28, 2014**. (Docket Entry 154, p. 8).

- The Complaint was received by the Court's Clerk's Office on **December 1, 2014**. (Docket Entry 1, p. 9).

- The Plaintiff claims he requested a grievance appeal on **December 17, 2014** and was ignored. (Docket Entry 154, p. 8). The Plaintiff states that he gave a handwritten grievance appeal to "Sgt. W. Taylor" **days after December 17, 2014**. (Docket Entry 154, p. 8-9). The Plaintiff states that he inquired into the status of this appeal and was told it was being investigated. (Docket Entry 154, p. 9).

The Plaintiff filed this lawsuit well-before exhausting the Metro-Davidson County Detention Facility grievance procedures. The Complaint was filed on the same day that the Plaintiff filed an informal resolution. Additionally, the Plaintiff contends that he filed grievance appeals in mid-December, 2014, long after the Complaint was received by the Clerk's Office on December 1, 2014.

The Plaintiff argues that he put the wrong date on his Complaint. (Docket Entry 155 ¶ 3) (Docket Entry 156 ¶ 25). Instead, the Plaintiff argues that he filed the Complaint "days" after the November 25, 2014 incident because he had not received a response or remedy to his informal resolution. (Docket Entry 155 ¶ 3) (Docket Entry 156 ¶ 25). Additionally, the Plaintiff contends

7

that the date on the envelope in which his Complaint was delivered, November 26, 2014, is incorrect. (Docket Entry 155 ¶ 3). If this was true, and the Complaint was filed sometime between November 25, 2014 and December 1, 2014, when the Clerk's Office received the Complaint, the Plaintiff still would have failed to exhaust. The grievance procedures gave CCA fifteen days in which to respond to informal resolutions. (Docket Entry 142 ¶ 4). The Plaintiff says he filed the first informal resolution on November 25, 2014, and filed the Complaint "days" later because he had not received a response to the informal resolution. Although the Plaintiff does not specify the number of "days," it is clear that the Complaint was filed sometime between November 25, 2014 and December 1, 2014. This is within the fifteen-day timeframe in which CCA was required to respond to the Plaintiff's informal resolution. The Sixth Circuit has established that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Risher*, 639 F.3d at 240 (citations omitted). The Plaintiff, however, filed the Complaint before the first stage of the Detention Facility's grievance procedures even had a chance to conclude.

Regardless of whether the Plaintiff's Complaint was filed on November 25, 2014, or sometime between November 25, 2014 and December 1, 2014, the Defendant has met its burden of establishing that the Plaintiff did not exhaust his administrative remedies prior to filing the lawsuit. Both of the Plaintiff's claims arise from the November 25, 2014 incident, and both should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

**B. Discovery Motions**

As a final matter, there are two pending discovery motions, each supplemented with a declaration from the Plaintiff. (Docket Entries 163, 165, 171, and 173). The discovery sought goes to the merits of the Plaintiff's constitutional claims; it is not needed to oppose the

Defendant's Motion for Summary Judgment for failure to exhaust, and it would not change the recommendation to dismiss the claims for non-exhaustion. *See* Fed. R. Civ. P. 56(d); *Siggers*, 652 F.3d at 696; *CenTra, Inc.*, 538 F.3d at 420; *Ball*, 385 F.3d at 721; *Maki*, 88 F.3d at 367.

The parties had adequate time for discovery before the Defendant moved for summary judgment, and the window for discovery closed months before the Plaintiff filed these discovery motions. Under the Case Management Order, the deadline for discovery was September 1, 2015, and the deadline for discovery-related motions was September 15, 2015. (Docket Entry 27, p. 4). The Plaintiff filed the first discovery motion on December 30, 2015 (Docket Entry 163) and the second discovery motion on January 8, 2016 (Docket Entry 171). These motions are both untimely. If the Plaintiff needed additional time in which to pursue discovery, the Plaintiff could have filed a motion to extend deadlines, as he has done for other motions. (Docket Entries 43, 61, 71, 133, and 147).

Regardless, the discovery sought is not needed to resolve the Defendant's Motion for Summary Judgment on the basis of non-exhaustion. It is therefore recommended that the Plaintiff's pending discovery motions be **TERMINATED AS MOOT**.

### IV. Recommendation

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that (1) the Motion for Summary Judgment be **GRANTED**; (2) the Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**; (3) all other pending motions be **TERMINATED AS MOOT**; (4) acceptance and adoption of this Report and Recommendation constitute **FINAL JUDGMENT** in this action; and (5) any appeal **NOT BE CERTIFIED** as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Under Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 13th day of January, 2016.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge